THE PEOPLE *v.* BIANCHI, JR., ET AL.

APPEAL from the District Court of Mayagüez.

No. 446.—Decided June 24, 1912.

CRIMINAL LAW—ASSAULT AND BATTERY—CRIME BY PERSONS ACTING TOGETHER.— When two defendants are charged with the crime of assault and battery consisting in having caused serious bodily injury to a person by throwing at the latter egg-shells filled with water and the evidence shows that the two acted together in the commission of said illegal act, in accordance with section 36 of the Code of Criminal Procedure both are principals in the commission of the crime and it is unnecessary to prove which one threw the egg-shell.

ID.—CRIMINAL INTENT—PRESUMPTION—CARNIVAL.—The throwing of egg-shells filled with water at any person is prohibited by law and constitutes an illegal act which is *malum in se.* It is a presumption of law that all persons who wilfully commit acts intend the natural and probable consequences of such acts, and all unlawful acts are presumed to be done with malicious and guilty intent, and the fact that said act was committed while playing carnival, which is a very old custom, cannot be pleaded as an excuse.

The facts are stated in the opinion.

*Mr. José de Diego* and *Alfredo Arnaldo* for appellants.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case having originated in the municipal court of Mayagüez, was carried to the district court of that district and tried again and judgment there rendered against the appellants, fining them $50 each and the costs, and, in default of payment, alternative imprisonment in jail for one day for each dollar which remained unpaid. This judgment was rendered on March 20 last.

The complaint charges that the defendants, voluntarily and criminally, and with the intention of causing great corporal harm to Miss Sara Williams, committed an assault and battery upon her, striking her with hard objects (eggs), causing a severe blow upon the right eye, on account of which she afterwards had to be attended by a physician.

In this appeal two grounds are alleged for a reversal. First, the insufficiency of the evidence; and, second, the want of a criminal intent in the act committed.

We have carefully examined the evidence presented on the trial for the prosecution. None was offered by the defense. Five witnesses testified to the assault and battery. The first was Miss Sara Williams, a public-school teacher, who testified that on the night of February 7 last she was on the balcony of the house of Mr. Monafeld, situated on the street of Méndez Vigo, in Mayagüez; that she saw a coach coming along and received therefrom a severe blow in one eye with an eggshell filled with water, or some other liquid, and that the same caused her an injury in such a manner as to blacken her eye for the day following, and for two days afterwards she was totally blind, and that she saw very imperfectly at the trial.

The witness Santiago Biron, an insular policeman, testified that on the night of February 7, at 8.30, he was on duty in Mayagüez, on horseback, in order to prevent playing the

carnival with eggshells. Being in front of the Hotel América a coach passed him with Juan Bianchi, Jr., and Francisco Llavat, the accused, therein, and as they were going by the house of Mr. Monafeld he saw them throw something which he supposed to be eggshells and at the same moment a woman cried out, and it was that American lady there with her hand over her face. He followed the coach and it stopped in front of the house of Mr. de Diego and he found therein a box containing about one hundred shells filled with water and flour.

Dr. Pedro Perea Fajardo, surgeon and oculist, testified that on the night of February 7 he attended Miss Sara Williams, who had received a blow and an equimosis or a contusion on the upper and lower portions of her right eye; that that night he only gave her a prescription, but the day following he made a careful examination of the eye and he found she had received a severe bruise upon the iris and upon the retina, there being a slight hemorrhage in the retina which impeded her vision and produced severe pains in the head.

Two witnesses, Gerardo Monafeld and Antonio Quintana, corroborated the testimony of the three foregoing.

From this evidence it can be fairly deduced that on the 7th of February last they were playing carnival in Mayagüez, and that the accused participated in the game, this participation consisting in passing along the street of Méndez Vigo throwing eggshells full of water at persons who were passing along the street, and at those who were found on the balconies of the houses. The policeman on duty observed the accused passing along in a coach in front of the house where Miss Williams resided; that an object was thrown from the coach and at the same time he heard a woman cry out and saw Miss Williams put her hands to her face. He ran after the coach and overtook it and stopped it, finding within it two boxes, one containing about one hundred eggshells full of water and the other containing flour. The lady who was

struck received a severe blow on the right eye produced by an eggshell full of water which was thrown from the street. The testimony of the injured lady and of the policeman, corroborated by that of the physician and the other two witnesses, justify the conclusion which can be fairly drawn therefrom that the eggshell was thrown by the accused, or one of them. It matters not which one of them threw it. They were both acting together in the commission of an illegal act and are, therefore, both principals in the commission of the offense. Sec. 36 of the Code of Criminal Procedure. We must hold that the criminal intent existed in this case. It is a presumption of law that an illegal act is committed with an illegal intent; and also that every person intends the natural probable consequences of his own acts voluntarily done.

Under our statute a malicious and guilty intent is conclusively presumed from the deliberate commission of an unlawful act for the purpose of injuring another. Law of Evidence, Sec. 101.

Our Penal Code (Sec. 12) declares that a malicious and guilty intention is presumed from the manner and deliberation with which an unlawful act is intended or committed for the purpose of injuring another.

Moreover, the act of throwing the eggshells, committed by the accused, is itself prohibited by the law, and they were violating the law while engaged in what they claimed to be innocent sport; and, besides, the act committed by them was done intentionally and wantonly and was an illegal act *malum in se.* The injury was the natural and possible consequence of the act, and the want of intention on the part of the accused to cause any injury presents no legal excuse for the violation of the law. We may refer, in support of this doctrine, to a Georgia case, that of *Hill* v. *The State,* reported in 36 American Reports, 120. That case is very similar to the one at bar and the opinion is clear and full, in the course of which the court says:

"The sole defense is that he threw in sport, without ill will or anger, and with no intention to hurt or even hit, relying upon the expertness of his school fellow in dodging  *  *  *.   Throwing stones at others for amusement is a dangerous sport, because the tendency of it is to wound or bruise, and there is no certainty that in a given case the injury will be slight rather than serious.   When one has hurled a stone and parted with all power over it, the mischief it may do where it strikes is not a matter of calculation, but in a great degree of mere chance."   *Hill* v. *State*, 36 Am. Reports, 120.

The Texas cases referred to by the appellants do not sustain their contention.   The case of *Ware* v. *The State*, 24 Texas Court of Appeals Reports, says:

"The intent to injure will be presumed when an injury has been inflicted, but when no injury has been inflicted no such presumption will obtain, and the intent must be proved."   *Ware* v. *State*, 24 Texas Court of Appeals, 521.

The case of *Donaldson* v. *The State* says:

"To constitute an assault and battery, the intent to injure must concur with the use of unlawful violence upon the person of the assaulted party; but the slightest degree of force suffices to constitute the violence, and the intended injury may be to the feelings or the mind of the latter as well as to the corporeal person.   If such injury would be the natural consequence of the violence used, the unlawful intent is presumed unless the presumption is repelled by the evidence." *Donaldson* v. *The State*, 10 Texas Court of Appeals, 307.

There is nothing in the evidence contained in this record to repel the presumption of injury on the part of the appellants.   That they were playing carnival, and that it is a long established custom to throw eggshells and other hard substances at onlookers, is no excuse for violating the law, and such custom does not repel the presumption that the parties intended the natural consequences of their illegal acts.   The punishment inflicted by the court below was reasonable and just and the judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.